UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN MEDINA, et al., | ) NO. CV 19-3808-GW(Ex) |
| Plaintiffs, | ) |
| v. | ) CERTIFICATION AND ORDER |
| COUNTY OF LOS ANGELES, et al., | ) TO SHOW CAUSE RE CONTEMPT |
| Defendant. | ) |

IT IS ORDERED that Defendant County of Los Angeles ("the County") and its counsel appear on January 27, 2020, at 8:30 a.m. before the Honorable George H. Wu, United States District Judge, at 350 West 1st Street, Courtroom 9D, Los Angeles, California 90012, and then and there show cause, if there be any, why the County and/or its counsel should not be adjudged in contempt by reason of the facts certified herein.

///
///
///
///

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

1. On September 9, 2019, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs noticed the deposition of the County to occur on October 22, 2019 (Exhibit 1 to "Declaration of Kevin S. Conlogue," filed November 20, 2019).

2. Without moving for a protective order, the County failed timely to appear for the noticed deposition.

3. On November 4, 2019, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs noticed the deposition of the County to occur on November 8, 2019 (Exhibit 2 to "Declaration of Kevin S. Conlogue," filed November 20, 2019).

4. Without moving for a protective order, the County again failed timely to appear for the noticed deposition.

///

---

[1] The question of whether the County and/or its counsel should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to the District Judge for his consideration. See 28 U.S.C. § 636(e); see also Bingman v. Ward, 100 F.3d 653, 658 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 903-908 (3d Cir. 1992). The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case. See 28 U.S.C. § 636(e).

5. On November 20, 2019, Plaintiffs filed a motion seeking an order, <u>inter alia</u>, compelling Rule 30(b)(6) deposition(s) of the County on Categories 1 and 18 of Plaintiffs' deposition notices.

6. This motion noticed a December 20, 2019 hearing date, even though the discovery cut-off was December 20, 2019.

7. In a December 12, 2019 Minute Order, the Magistrate Judge vacated the previously noticed December 20, 2019 hearing date and ruled on the November 20 motion without oral argument. The Magistrate Judge rejected all of the County's arguments in opposition to the Rule 30(b)(6) aspects of the motion, including the County's argument that the motion had become moot. The Magistrate Judge ordered, <u>inter alia</u>, that, "unless all parties otherwise agree, on or before December 20, 2019, the County shall produce Rule 30(b)(6) witness(es) fully prepared as to Categories 1 . . . and 18 to testify on behalf of the County about all information known or reasonably available to the County."

8. The County did not produce any Rule 30(b)(6) witness as to Categories 1 or 18 at any time between December 12, 2019, and December 20, 2019, even though Plaintiffs did not agree to the County's non-

production.

9. When Plaintiffs demanded the scheduling of the court-ordered Rule 30(b)(6) deposition(s) before December 20, 2019, the County refused to schedule the deposition(s) before December 20, 2019, and expressed an intention to seek review of the December 12, 2019 Minute Order (Exhibits 3 and 4 to "Declaration of Kevin S. Conlogue," filed December 20, 2019).

10. Six days after the December 20, 2019 deadline for compliance established by the December 12, 2019 Minute Order, the County filed a motion for review of the order. The motion for review noticed a January 27, 2020 hearing date.

11. The County and its counsel knew or should have known that neither the motion for review, nor the County's previously expressed intention to seek review, could excuse the County's violation of the December 12, 2019 Minute Order. See L.R. 72-2.2.

DATED: January 8, 2020.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE